**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 12-3020
_____

ROBERT B. PATEL;
MID-ATLANTIC MEDICAL ASSOCIATES, LLC

v.

MERIDIAN HEALTH SYSTEM, INC; SCOTT LARSEN;
TIMOTHY HOGAN; ANTHONY CAVA; GEORGE YOUNAN


Robert B. Patel,
Appellant
_____

APPEAL FROM THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY
(D.C. Civ. Action No. 3:12-cv-03102)
District Judge: Honorable Freda L. Wolfson
_____

Submitted Under Third Circuit LAR 34.1(a)
July 8, 2013
_____

Before: GREENAWAY, JR., SLOVITER, and BARRY, *Circuit Judges*.

(Opinion Filed: September 4, 2013)

_____

OPINION

_____

GREENAWAY, JR., *Circuit Judge*.

In the course of pursuing his suit against Appellees Meridian Health System, Inc., Scott Larsen, Timothy Hogan, Anthony Cava, and George Younan (collectively, "Appellees"), Appellant Robert B. Patel ("Appellant") filed with the District Court a motion seeking the issuance of a preliminary injunction. The District Court declined to address the motion on its merits, stayed the proceedings, and denied Appellant's motion as moot. This appeal followed. For the reasons discussed below, we will vacate the District Court's order and remand the matter to the District Court so that Appellant's motion for a preliminary injunction may be addressed.

## I.    FACTS AND PROCEDURAL HISTORY

Because we write primarily for the benefit of the parties, we recount only the facts essential to our discussion. In May 2012, Appellant, an Indian-American physician practicing in New Jersey, brought suit against Appellees after being suspended from Bayshore Community Hospital ("Bayshore"), which Appellees operated and managed. According to Appellant, his suspension — the first of a medical doctor in 40 years at Bayshore — gave rise to several causes of action, including claims pursuant to the Sherman Antitrust Act, the Racketeer Influenced and Corrupt Organizations Act ("RICO"), and the Americans with Disabilities Act ("ADA"). Appellant also alleged a number of state-law claims.

2

Concerned that public disclosure of his suspension might sully his professional reputation, Appellant moved for a temporary restraining order to prevent Appellees from reporting his suspension to the National Practitioner Data Bank ("NPDB"), a national repository of information on physicians. Since Appellees did not "object to delaying the filing of the status report until the resolution of this matter," the District Court issued the order on June 1, 2012 (the "June 1 TRO"). (Supp. App. at 109a.)

One month later, Appellees filed a motion to dismiss Appellant's complaint or, in the alternative, to stay the suit pending the outcome of an internal appeals process at Bayshore. Less than a week later, on July 11, Appellant responded by requesting a preliminary injunction that would reinstate him to his prior position with Bayshore. Only two days after Appellant's request, the District Court issued an order (the "July 13 Order") staying the proceedings and denying Appellant's motion for a preliminary injunction as moot. The District Court also mandated that the June 1 Order "restraining [Appellees] from reporting [Appellant's] summary suspension to the NPDB shall remain in full force and effect." (App. at 4a.) Appellant filed a timely appeal.[1]

---

[1] It bears noting that, as of this writing, Appellant still appears to be suspended from Bayshore. Moreover, while briefing the matter now before us, the State of New Jersey learned of Appellant's suspension and publicized it on the New Jersey Health Care Profile. *See* New Jersey Health Care Profile, http://12.150.185.184/dca/simple_search.jsp (search for "Medical Doctor/Podiatrist; Patel; Robert"; open "Legal Actions" tab) (last visited August 30, 2013).

## II.    JURISDICTION AND STANDARD OF REVIEW

The District Court had jurisdiction to issue its order pursuant to 28 U.S.C. §§ 1331, 1337(a), and 1367.[2] We have jurisdiction to hear this appeal under 28 U.S.C. § 1292(a)(1), given the District Court's express denial of Appellant's motion for a preliminary injunction.[3] *See Cohen v. Bd. of Trs. of the Univ. of Med. & Dentistry of N.J.*, 867 F.2d 1455, 1466 (3d Cir. 1989) (en banc) ("When a claimant makes a Fed. R. Civ. P. 65(a) motion for a preliminary injunction, and the court expressly rules on it, there is no difficulty in identifying the order as falling within section 1292(a)(1).").[4]

---

[2] We see no reason to address Appellees' arguments regarding the District Court's jurisdiction.  Even accepting, *arguendo*, Appellees' assertions that the Sherman Antitrust Act claim is premature, the two remaining federal claims allow the District Court to exercise jurisdiction.

[3] Appellees spend a significant amount of time discussing, correctly, that the District Court's decision to stay proceedings — on its own — may not have been sufficient for this court to exercise jurisdiction under 28 U.S.C. § 1292(a)(1).  *See Cohen v. Bd. of Trs. of the Univ. of Med. & Dentistry of N.J.*, 867 F.2d 1455, 1464 (3d Cir. 1989) ("[A]n order staying or refusing to stay an action for equitable relief does not fall under section 1291(a)(1) . . . .").  However, we are concerned here with the District Court's denial as moot of Appellant's preliminary injunction motion.  *See* 28 U.S.C. § 1292(a)(1) ("[T]he courts of appeals shall have jurisdiction of appeals from . . . [i]nterlocutory orders of the district courts of the United States . . . refusing . . . injunctions . . . .").

[4] Appellees argue that the July 13 Order is not "immediately appealable" unless Appellant can make an additional showing sufficient to satisfy the factors set out in *Carson v. American Brands, Inc.*, 450 U.S. 79, 84 (1981) ("Unless a litigant can show that an interlocutory order of the district court might have a serious, perhaps irreparable, consequence, and that the order can be effectually challenged only by immediate appeal, the general congressional policy against piecemeal review will preclude interlocutory appeal." (internal quotation marks omitted)).  Appellees are mistaken.  As this Court has recognized in *OFC Comm Baseball v. Markell*, 579 F.3d 293, 298 (3d Cir. 2009), Appellant need not "satisfy any jurisdictional hurdle beyond the fact that [he has] appealed from an order refusing to enter an injunction."

When reviewing a district court's decision to enter an injunction, we apply a tripartite standard of review: "we review the Court's findings of fact for clear error, its conclusions of law *de novo*, and the ultimate decision to grant the preliminary injunction for abuse of discretion." *Miller v. Mitchell*, 598 F.3d 139, 145 (3d Cir. 2010).

### III. ANALYSIS

Pursuant to Federal Rule of Civil Procedure 52(a), a district court ruling on a motion for a preliminary injunction must "state the [factual] findings and [legal] conclusions that support its action." Fed. R. Civ. P. 52(a)(2). Moreover, while we have recognized that the Federal Rules do not "make a hearing a prerequisite for ruling on a preliminary injunction," we have also stated that a district court must make the sort of legal and factual findings required by Fed. R. Civ. P. 52(a) "even when there has been no evidentiary hearing on the motion." *Bradley v. Pittsburgh Bd. of Educ.*, 910 F.2d 1172, 1175, 1178-79 (3d Cir. 1990) (vacating and remanding a denial of a preliminary injunction due to insufficient findings by the district court).

In the instant case, Appellant and Appellees agree that the District Court did not reach the merits of Appellant's motion, but instead simply denied it as "moot." (Appellant Br. at 4; Appellees Br. at 5.) As a consequence, the July 13 Order is devoid of the necessary factual findings and legal conclusions required under Fed. R. Civ. P. 52(a)(2).[5] Where a district court's order "does not adequately support the resolution of a

---

[5] We note, for the sake of completeness, that the July 13 Order did reference the June 1 TRO (which had been granted to address Appellant's earlier argument of irreparable harm). However, nothing in the July 13 Order suggests that the District Court

motion for preliminary injunction, we may vacate and remand for additional findings or may 'first look[] to see whether the record provides a sufficient basis to ascertain the legal and factual grounds for the grant or denial of an injunction.'" *Kos Pharm., Inc. v. Andrx Corp.*, 369 F.3d 700, 712 (3d Cir. 2004) (quoting *Bradley*, 910 F.2d at 1178). Given the state of the record, we decline to examine the merits of the preliminary injunction motion in the first instance. We will instead vacate and remand this case to the District Court.

## IV. CONCLUSION

For the above-stated reasons, we will vacate the July 13 Order and remand the case to the District Court for the sole purpose of addressing Appellant's motion for a preliminary injunction. We express no opinion on the ultimate or appropriate outcome of the District Court's subsequent consideration and likewise do not opine on the propriety of the District Court's decision to stay the overall litigation in light of Appellees' internal appeals process.

---

considered the June 1 TRO in the course of analyzing Appellant's motion for a preliminary injunction.